**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PAUL WILLIAM DRIGGERS, #00922-287,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:11-CV-2310-D-BK** |
| | § | |
| **MAUREEN CRUZ, Warden,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was

referred to the United States Magistrate Judge.  Petitioner, a federal prisoner, filed a *pro se*

petition for writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons that follow, it is

recommended that the petition be denied with prejudice.

## I.  BACKGROUND

Petitioner was convicted of Use of Interstate Facilities in the Commission of Murder-for-

Hire and was sentenced to 120 months' imprisonment and a 3-year term of supervised release,

and ordered to pay a $100 special assessment and a $17,500 fine.  *United States v. Driggers*, No.

2:06-CR-0173 (S.D. Idaho May 22, 2007) (Judgment of conviction attached to Respondent's

Appx. (Doc. 11) at 6-11).  The sentencing court ordered that the special assessment and fine were

due immediately and that "[t]he defendant shall submit nominal payments of no less than $25 per

quarter while incarcerated through the Inmate Financial Responsibility Program."  *Id.*

In September 2011, Petitioner filed this section 2241 petition contending the Bureau of

Prisons (BOP) improperly calculated his quarterly Inmate Financial Responsibility Program

("IFRP") payment and then placed him on "Refuse Status" when he was unable to make the

required payment.  (Doc. 3 at 2.)  Petitioner avers:

> He makes very little money at prison labor.  Indeed, he does not even earn $25 per quarter for a Financial Responsibility Payment . . . .  He does receive a tiny contribution [from his family] of about $45 per month strictly for the specific purpose of maintenance, communications with family and his attorneys, and costs of litigation to and from the courts.

> * * *

> His inmate account usually carries a balance of less than $3 which of course has caused him to be unable to meet the FRP payments ... [forcing BOP to place him] in 'FRP Refuse Status' which adversely affects his programming in terms of qualifying for halfway House placement, Home Confinement placement, and Custody level in general.

> * * *

> [BOP staff] insist on taking a minimum [IFRP payment] of $25 per quarter notwithstanding the fact that by so-doing [*sic*] they would cripple his ability to communicate with his lawyers by phone and eMail [*sic*], as well as with . . . his family.  Moreover, he would not be able to conduct litigation in behalf of his liberty interests such as appeals or habeas actions or a FOIA action.

*Id*.  Petitioner argues the BOP has improperly denied him a $75 monthly exemption under Program Statement (PS) 5380.08 and, alternatively, has failed to consider his individual circumstances in setting his IFRP contribution.  (Doc. 3 at 3.)  Respondent answers that the BOP has administered Petitioner's IFRP contribution properly.[1]  (Doc. 10 at 3-7.)

## II.  ANALYSIS

Petitioner properly filed a habeas corpus petition under 28 U.S.C. § 2241 challenging the manner in which the BOP administers his IFRP payment.  *See United States v. Diggs*, 578 F.3d

---

[1]  Because the Court determines that it has the authority to consider the merits of Petitioner's claim, it is not necessary to address Respondent's remaining arguments that the Court lacks jurisdiction over Petitioner's claims under the Administrative Procedure Act, as well as the First, Fifth, Eighth, and Fourteenth Amendments.  (Doc. 10 at 3-7.)

318, 319-20 (5th Cir. 2009) (holding that a claim "disputing payments under the IFRP [or]

requesting that payments be suspended under that program . . . must be brought under § 2241").

To obtain habeas relief under section 2241, Petitioner must establish "the deprivation of some

right secured to the petitioner by the United States Constitution or the laws of the United States."

*Schmidt v. United States Dep't of Justice,* 34 Fed. App'x 151, 151, 2002 WL 495356 (5th Cir.

2002) (unpublished *per curiam*) (analyzing section 2241 petition challenging IFRP payment).

This Court has previously summarized the IFRP and found it constitutional.  *See Wooderts v.

Joslin*, No. 3:04-CV-2253-D, 2006 WL 1628046  (N.D. Tex. Jun 9, 2006).

Petitioner argues PS 5380.08 exempts from IFRP payment any amount less than $75 per

month.  (Doc. 3 at 3.)  Because he receives less than $25 per quarter from prison employment

and only $45 per month from family contributions, he contends he should be exempted from

having to make any IFRP payment.  *Id.* at 2, 3-4.  PS 5380.08, however, requires an inmate to

make the minimum $25 per quarter payment, regardless of whether he receives $75 per month in

deposits.

> (b) Payment.  The inmate is responsible for making satisfactory progress in
> meeting his/her financial responsibility plan and for providing documentation of
> these payments to unit staff. Payments may be made from institution resources or
> non-institution (community) resources. In developing an inmate's financial plan,
> the Unit Team *shall first subtract* from the trust fund account the inmate's
> minimum payment schedule for UNICOR or non-UNICOR work assignments, set
> forth below in paragraphs (b)(1) and (b)(2) of this section.  The Unit Team *shall
> then exclude* from its assessment $75.00 a month deposited into the inmate's trust
> fund account.  This $75.00 is excluded to allow the inmate the opportunity to
> better maintain telephone communication under the Inmate Telephone System
> (ITS).
>
> > (1) Ordinarily, the minimum payment for non-UNICOR and UNICOR
> > grade 5 inmates will be $25.00 per quarter. This minimum payment may
> > exceed $25.00, taking into consideration the inmate's specific obligations,

institution resources, and community resources.

28 C.F.R. § 545.11(b) (emphasis added); PS 5380.08 (attached to Respondent's Appx., Doc. 10, at 19).

Petitioner's contention that the first $75 per month in his account should be excluded in determining his quarterly IFRP payment is patently frivolous.  PS 5380.08(b) specifically provides for a $25 minimum quarterly payment *before* the $75 monthly exemption is applied in determining whether a higher IFRP payment is due.  *See* 28 C.F.R. § 545.11(b); *United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2008) (summarizing section 545.11(b) and noting IFRP typically requires a minimum payment of $25 per quarter for non-UNICOR or UNICOR grade 5 inmates); *Lang v. Quinlan*, 990 F.2d 1252, *1 (5th Cir. 1993) (unpublished *per curiam*) (same). In addition, contrary to Petitioner's assertion, PS 5380.08(b) does not permit the BOP to consider an inmate's individual circumstances in setting the $25 minimum quarterly payment.  Moreover, "payments in excess of prison earnings do not of themselves present a deprivation of any right secured" by statute or the Constitution.  *Wooderts v. Joslin*, No. 3:04-CV-2253-D, 2006 WL 1628046, *4 (N.D. Tex. Jun. 9, 2006).  Therefore, because the BOP followed its policy in assessing the $25 minimum quarterly payment under the IFRP, Petitioner's claims fail and his petition should be denied..

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be **DENIED** with prejudice.

SIGNED June 1, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE